UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

Case No. 04-CV-71107
HON. GEORGE CARAM STEEH

PRISCILLA M. JORDAN,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S WRITTEN REQUEST FOR GARNISHMENT HEARING (DOCKET # 24)

Defendant Priscilla Jordan, appearing pro se, moves for a garnishment hearing relative to garnishee Bank of America. On July 6, 2004, a Clerk's Entry of Default Judgment entered against Defendant in the amount of $3,741.06 plus applicable interest for student loan debts. On August 4, 2004, the Court denied Defendant's motion to set aside the default judgment, without prejudice, allowing Defendant reasonable time to come forward with evidence of a determination by the Bankruptcy Court in a prior bankruptcy proceeding that the student loan debts were discharged under 11 U.S.C. § 523(a)(8) due to undue hardship. Defendant did not subsequently proffer any such evidence.

On August 11, 2004 and again on January 30, 2006 Defendant filed requests for garnishment hearings – the Court denied both requests, holding that Defendant failed to proffer evidence that Plaintiff was attempting to garnish exempt assets and that Defendant was precluded from collaterally attacking the Default Judgment through

garnishment hearing requests.  Defendant's current request (filed March 10, 2009) is thus the third request for a garnishment hearing submitted by Defendant.

Defendant's current request for hearing relates to the answer filed by garnishee Bank of America, and is based on the same grounds as her prior hearing requests – namely, Defendant checked several boxes on a form indicating claims for exemptions under federal law for: (1) social security benefits and supplemental security income, and; (2) exemptions under the Bankruptcy Code of equity in a residence, equity in a motor vehicle, jewelry, personal property, and equity in implements and professional tools.

Understandably, as a pro se litigant, Defendant misconstrues the nature of a garnishment.  To satisfy the judgment debt, Plaintiff, as judgment creditor, is attempting to use assets held by Bank of America, owned by Defendant, to pay off the judgment.  Defendant's request for a garnishment hearing alleges – very generally – that her Bank of America account may contain certain Social Security benefit proceeds.  However, Defendant's request for a garnishment hearing does not present any evidence that Bank of America is in control and possession of her federal benefit proceeds, equity in Defendant's residence, equity in a motor vehicle, jewelry, personal property, or equity in implements and professional tools.  A garnishment hearing is simply unnecessary in the absence of any evidence that Bank of America is in possession and control of exempt property.

Accordingly, Defendant's request for a garnishment hearing relative to garnishee Bank of America is hereby DENIED, without prejudice.  Defendant may renew the request by proffering evidence that garnishee Bank of America is in possession and

control of an asset that is exempt from garnishment. Such evidence may include, Bank of America bank statements for the past year and/or Social Security payment remittances.

    IT IS SO ORDERED.

Dated: April 27, 2009

                              S/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 27, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

3